# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY J. DANIELS and VICK A. DANIELS, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 17-CV-254-JHP |
| FORT GIBSON HOUSING AUTHORITY, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the Court is Defendant Fort Gibson Housing Authority's ("Defendant") Motion to Dismiss (Dkt. 14). Plaintiffs Mary J. Daniels and Vick A. Daniels ("Plaintiffs") have filed a Response (Dkt. 18) and a Supplemental Response (Dkt. 19). Plaintiffs are proceeding *pro se* and *in forma pauperis*. After consideration of the briefs, and for the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiffs bring this action to recover against Defendants for alleged violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, breach of contract, fraud, embezzlement, and threatening and intimidating tenants. (Dkt. 2). Plaintiffs' factual allegations are as follows:

> Peggy? Sharon Fyte who work for Fort Gibson Housing Have stolen our funds provided by Hud also have violated fair Housing acts, intimidating tenants refusing services (maintenance) for unit which we live in? stole Hud payments for our allowances.

(*Id.* at 2). Plaintiffs request relief in the form of "funds that were stolen and never returned reimbersed [sic] for loss of furniture, medical bills do [sic] to visits for stress, pain, suffering." (*Id.* at 3).

Defendant has filed a motion to dismiss the allegations against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which any relief can be granted as a matter of law.[1] (Dkt. 14). Defendant argues Plaintiff's allegations are almost entirely conclusory and provide no information regarding dates or places. Defendant contends these allegations fail to allege a plausible claim for relief under any theory of federal or state law, and Defendant cannot determine from Plaintiff's allegations whether the Complaint is timely or barred by the applicable statute of limitations.

Plaintiffs filed two short responses to Defendant's motion (Dkt. 18; Dkt. 19). In the first response, Plaintiffs assert, "[w]e do have all the paper work and dates we need to back our claims," and they claim Defendant made two different offers to them to leave the property, one for $8,500 and a second one for $11,500 as a

---

[1] Defendant also asserts the Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, but it does not develop any specific arguments in this regard, relying instead on Rule 12(b)(6) in the "Arguments" section of its brief. Accordingly, the Court will consider Defendant's arguments only pursuant to Rule 12(b)(6).

"nuisance settlement." (Dkt. 18). In the supplemental response, Plaintiffs state they are "throwing themselves at the mercy of this court," and they request an opportunity for more time to obtain an attorney or an opportunity to meet with the Court to produce "all of the evidence we have documented through the previous court and our previous attorney before possibly dismissing this case due to my mistake?" (Dkt. 19). Plaintiffs further ask the Court whether Defendant's counsel has a conflict in litigating this case, because Plaintiffs had previously sought to hire him as counsel in this case. (Dkt. 19). Defendant did not file a reply.

## DISCUSSION

### I. Standard of Review

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly,* 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

The Court further notes that, while *pro se* pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, even *pro se* plaintiffs are required to comply with the fundamental requirements of the Federal Rules of Civil Procedure, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## II. Analysis

Defendant seeks to dismiss Plaintiffs' Complaint for failure to allege or support with factual allegations any plausible claim for relief. Plaintiffs allege violations of the FHA, breach of contract, fraud, embezzlement, and intimidation. However, Plaintiffs do not specify sufficient facts on which to base any of those claims. Plaintiffs allege that "Peggy?" and "Sharon Fyte," who work for

Defendant, stole their HUD funds, and Defendant intimidated tenants and refused services (maintenance) for Plaintiffs' unit. (Dkt. 2, at 2). These facts are alleged without any context, and they do not provide sufficient notice to enable Defendant to defend itself in this case. Plaintiffs do not indicate which section(s) of the FHA were allegedly violated, and they fail to tie any facts to their conclusory allegations that Defendant violated the FHA, breached a contract, or committed fraud, embezzlement, or intimidation. In short, Plaintiff's pleading fails to satisfy the requirements of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud")

Moreover, Plaintiffs do not allege any dates in the Complaint, which renders it impossible to determine whether the statute of limitations may have expired on any of their claims. *See* Fed. R. Civ. P. 9(f) ("An allegation of time or place is material when testing the sufficiency of a pleading); *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (noting that statute of limitations questions may be appropriately resolved on a Rule 12(b)(6) motion). Plaintiffs' pleading is deficient as a matter of law.

Plaintiffs' responses to the Motion to Dismiss do not persuade the Court that dismissal is improper. Accordingly, Plaintiffs' Complaint must be dismissed without prejudice pursuant to Rule 12(b)(6) for failure to state a claim.

## CONCLUSION

For the reasons detailed above, Defendant Fort Gibson Housing Authority's Motion to Dismiss (Dkt. 14) is **GRANTED.** Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 4th day of June, 2018.

*James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma